UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | 2:24-CR-00077-DCLC-CRW |
| | ) | |
| v. | ) | |
| | ) | |
| PAUL CHARLES CHERY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant's objection to the two-level enhancement pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 2B1.1(b)(11)(C)(i) as set forth in the Presentence Investigation Report ("PSR"). [Doc. 77]. The United States responded to Defendant's objections [82] and Defendant replied [Doc. 84]. For the following reasons, Defendant's objection to the application of USSG § 2B1.1(b)(11)(C)(i) is **OVERRULED**.

**I. BACKGROUND**

The Grand Jury returned a seven-count indictment against Defendant and two other co-defendants on August 13, 2024, charging Defendant with conspiracy to commit bank fraud, aiding and abetting bank fraud, and money laundering in violation of 18 U.S.C. §§ 1344, 1349, 1956, and 2. [Doc. 17; Doc. 73, ¶ 2]. On March 26, 2025, Defendant pled guilty to count two – aiding and abetting bank fraud in violation of 18 U.S.C. §§ 1344(2) and 2. [Docs. 45, 62].

Defendant stipulated to the facts outlined in the plea agreement as follows. [Doc. 45, pgs. 2–3]. On October 14, 2022, "Victim 1" reported that someone gained access to her First Horizon Bank savings account and cashed four fraudulent checks and conducted three fraudulent PayPal transactions using her account number. *Id.* at 2. First Horizon is a Tennessee-chartered bank with

deposits insured by the Federal Deposit Insurance Corporation. *Id.* Defendant was caught on surveillance footage depositing a fraudulent check into Defendant's Municipal Credit Union checking account from the victim's First Horizon account in the amount of $15,000 on October 3, 2022. *Id.* at 3.

**II.     DISCUSSION**

The PSR applied the "means-of identification" enhancement under § 2B1.1(b)(11)(C)(i). [Doc. 73 ¶ 22]. The means-of-identification enhancement states: "If the offense involved . . . the unauthorized transfer or use of any means of identification unlawfully to produce or obtain any other means of identification . . . increase by 2 levels." USSG § 2B1.1(b)(11)(C)(i). The term "'[p]roduce' includes manufacture, design, alter, authenticate, duplicate, or assemble." USSG § 2B1.1, comment (n.10(A)). The term "[m]eans of identification" is defined in 18 U.S.C. § 1028(d)(7), as "any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including any—(A) name, social security number, date of birth . . . (C) unique electronic identification number, address, or routing code . . . ." *See United States v. Thornton*, 718 F. App'x 399, 401–02 (6th Cir. 2018).

Defendant contends that this means-of-identification enhancement is inapplicable because "he did not create any new means of identification, but instead forged the victim's signature on a check." [Doc. 77, pg. 1]. In support, Defendant points to Application Note 10(C)(iii)(II) which provides the enhancement does not apply when "[a] defendant forges another individual's signature to cash a stolen check. Forging another individual's signature is not producing another means of identification." *Id.* at 1–2. Defendant further argues in his reply that this enhancement was adopted focusing principally on "breeding" offenses in which a means of identification is used

to obtain new means of identification, such as opening a new account or a new line of credit, rather than when the defendant wrongfully accesses or uses an existing account. [Doc. 84].

This issue has however been squarely resolved by the Sixth Circuit. In *United States v. Thornton*, the defendants stole a personal check, took at least two unique means of identification from that personal check, and then used those means of identification to produce counterfeit personal checks. 718 F. App'x at 402. The Court found that the defendant's "theft and counterfeiting of a personal check is sufficient to support application of the means-of-identification enhancement" and dismissing their argument that the "enhancement was designed to punish 'breeding' offenses." *Id.* at 402–03 (citing *United States v. Norwood*, 774 F.3d 476, 482 (8th Cir. 2014) ("We read the Guideline's definition of 'produce' to include duplicating a means of identification such as a bank account number and transferring it onto a new medium, such as a counterfeit check.")).

Here, although Defendant did not create a new account or line of credit when he forged a counterfeit check, the check itself qualifies as another means of identification "where the original means of identification was duplicated onto another medium." *Thornton*, 718 F. App'x at 403. Defendant's objection to the two-level enhancement pursuant to USSG § 2B1.1(b)(11)(C)(i) is **OVERRULED**.

        **SO ORDERED:**

        s/ Clifton L. Corker
        United States District Judge